# EMPLOYMENT AGREEMENT

**THIS EMPLOYMENT AGREEMENT** (the "Agreement") is entered into effective as of the _15th_ day of _April_, 2014, by and between **LOUISIANA COLLEGE**, an eleemosynary institution (the "college"), and **JOE AGUILLARD**, an individual of the full age of majority, a resident and domiciliary of the Parish of Rapides, State of Louisiana ("Aguillard").

## WITNESSETH

**WHEREAS,** the college is a Louisiana non-profit religious organization; and

**WHEREAS,** the College desires to assure itself of the services of Aguillard as provided for in this Agreement, and Aguillard desires to serve in the employ of the college upon the terms and subject to the conditions set forth herein.

**NOW THEREFORE**, in consideration of the mutual agreements, premises and covenants hereinafter set forth, and other good and valuable consideration, the receipt of sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Employment.** The College agrees to employ Aguillard to serve as President Emeritus of the College, and Aguillard agrees to enter the employ of the College as its President Emeritus, upon the terms and subject to the conditions set forth in this Agreement.
Additionally, Aguillard shall serve as a tenured Full Professor in the Graduate School of Teacher Education.

2. **Aguillard Responsibilities.** From August 1, 2014 to July 31, 2015, Aguillard shall fulfill the responsibilities outlined in this Section as needed. Commencing on August 1, 2015, the fulfillment of these responsibilities are required.

    (a) Aguillard agrees, during the term of his employment hereunder, to provide administrative services as directed by the College in accordance with this Agreement. During the term of this Agreement, Aguillard shall devote his efforts to the performance of his duties under this Agreement. Aguillard's duties shall be on a "best efforts" basis, and shall include all services customarily attendant to the position of President Emeritus of a College and Professor.

    (b) Aguillard shall work with the Board of Trustees and College President to respond to SACS inquiries or sanctions, consult and advise as requested by the Board of Trustees or College President.

LOUISIANA COLLEGE "College"          DR. JOE AGUILLARD "Aguillard"

_A_

(c)     Aguillard, as a tenured Professor in the Graduate School of Teacher Education, using academic credentials and professional resources, shall teach Graduate Clinical Education Courses, provide support for cohorts off campus, teach Educational Leadership Graduate Courses, recruit graduate students into the Graduate school, write curriculum, and serve as special guest lecturer with no more than 15 hours of courses per year.

(d)     As a faculty member, Aguillard will engage in teaching, committee responsibilities, faculty development activities, and other college-related professional assignments.

(e)     Aguillard agrees to conduct his services to the College in a professional manner and to exercise reasonable professional judgment when rendering services under this Agreement.

(f)     Aguillard agrees to conduct his business and professional activities in further accordance with the customs, practices, and policies of the College.

(g)     Aguillard agrees to work diligently to maintain and keep current donors and to pursue new donor relationships for the College.

(h)     Aguillard agrees to support and promote the College in all areas.

3.     **College Responsibilities**. The College shall provide reasonable facilities and administrative resources sufficient to enable Aguillard to perform services specified in this Agreement on the College's premises, including but not limited to, use of rooms, supplies, and administrative personnel.

4.     **Term**. The term of this Agreement shall commence on August 1, 2014 and end pursuant to Section 8 hereof.

5.     **Compensation**.

(a)     As compensation, from August 1, 2014 to July 31, 2015, the College shall pay Aguillard a salary of $198,900.
(b)     As compensation for services to be rendered by Aguillard hereunder, commencing on August 1, 2015, the College shall pay Aguillard a salary of $143,391.60.
(c) The salary compensation shall be paid in the form of a monthly salary on or before the first day of each month.

LOUISIANA COLLEGE "College"                    DR. JOE AGUILLARD "Aguillard"

(d)   Additionally, the College shall provide or pay the following benefits on behalf of Aguillard:

(i)   The College shall match the contributions of Aguillard to the 403(b) tax sheltered annuity plan available to College employees, up to five percent (5%) of his annual salary as set forth in Section 5(a) above, in accordance with the requirements described in the plan documents.

(ii)   The cost of obtaining and maintaining a comprehensive health policy of insurance covering Aguillard and his family through the existing plans offered to College employees, in accordance with the requirements described in the plan documents; to this end, the College shall reimburse up to the amount of FIVE HUNDRED AND NO/100 DOLLARS ($500.00), per month directly to the State Employees Group Benefits (or other carrier of those benefits) for the cost of health insurance for Aguillard.

(iii)   The cost of obtaining and maintaining group life insurance coverage on the lives of Aguillard, his spouse, and his children in the amount of $500,000.00 on the life of Aguillard, and in the amount of $50,000.00 on the life of the spouse of Aguillard and on the life of each of the dependent children of Aguillard.

(iv)   The cost of obtaining and maintaining group disability insurance coverage on Aguillard through the existing plans offered to College employees, providing benefits equivalent to sixty percent (60%) of the gross salary as coordinated with social security benefits, in accordance with the requirements described in the plan documents.

(v)   The full tuition, or waiver thereof, for courses attended at the College by Aguillard, his spouse, and his unmarried, dependent children under the age of twenty-three (23).

(vi)   A monthly housing allowance in the amount of SEVEN HUNDRED AND FIFTY AND NO/100 DOLLARS ($750), payable on or before the first day of each month.

(vii)   A monthly auto allowance of FIVE HUNDRED AND NO/100 DOLLARS ($500.00), payable on or before the first day of each month, if there is no vehicle, of equal value, donated for his usage by a third party.

(viii)   The College shall provide reimbursement for all reasonable travel expenses, including fuel, meals, and accommodations, incurred by Aguillard for school-related activities.

LOUISIANA COLLEGE "College"                    DR. JOE AGUILLARD "Aguillard"

(ix)      All dues for Aguillard's membership in the Council for National Policy, as well as all reasonable expenses for travel and/or registration for any meetings of this organization; and

(x)      The College shall provide Aguillard with appropriate liability insurance coverage as mutually determined by the parties hereto.

6.     **Taxes.** The College hereby agrees that the responsibility for payment of payroll and employment taxes from the funds received by Aguillard pursuant to this Agreement shall belong solely to the College. Aguillard agrees to allow the College to withhold amounts from his gross wages in accordance with directions of Aguillard and applicable federal and state laws.

7.     **Vacations and Sick Leave.** Aguillard shall be allowed twenty (20) days of paid vacation per year and shall accrue one (1) day of sick leave per full month of employment, which may be accumulated from year to year up to a total of ninety (90) days.

8.     **Termination.** This Agreement may be terminated by the College upon the occurrence of any of the following:

(a)      breach of this Agreement by Aguillard;

(b)      mutual agreement of the parties hereto in writing;

(c)      the death of Aguillard; in the event of any such termination based upon the death of Aguillard, the College shall pay to the duly appointed representative of Aguillard, or unto his estate, any unpaid salary or benefits due Aguillard as of the date of such termination;

(d)      permanent disability of Aguillard, which shall mean Aguillard's inability, through physical or mental illness or other cause, to perform his duties under this Agreement for a period of six (6) consecutive months or seven (7) months during any twelve (12) month period. The determination of disability shall be made by Aguillard's regular treating physician. If the College disagrees with the conclusion of Aguillard's regular treating physician, it may engage a second physician to examine Aguillard. If the two physicians disagree, the parties shall mutually select a third physician, to examine Aguillard, in which event the majority opinion of the three physicians shall be conclusive; in the event of any such termination based upon disability, the College shall pay unto Aguillard any unpaid salary or benefits due through the date of such termination;

LOUISIANA COLLEGE "College"

DR. JOE AGUILLARD "Aguillard"

(e)   acts or omissions of Aguillard which create just cause for termination of this Agreement by College. For purposes of this Section, "just cause" shall mean: (i) an act or acts of personal dishonesty taken by Aguillard; (ii) any material breach by Aguillard of his duties and other obligations under this Agreement, after written notice and thirty (30) days in which to cure the same; (iii) if Aguillard is convicted of, or pleads nolo contendere (or equivalent) with respect to a felony, or any act involving fraud, dishonesty, or moral turpitude; (iv) if any representation by Aguillard to the College is materially untrue and Aguillard knew or should have known the representation was untrue; (v) habitual absenteeism (in excess of the vacation time or sick leave as permitted herein); (vi) use by Aguillard of alcohol or drugs outside of medically prescribed parameters; (vii) intentional conduct or activities (excluding activities engaged in by Aguillard in good faith exercise of his business judgment on behalf of the College) materially damaging to the College, or (viii) Aguillard's willful and continued personal misconduct, action, inaction, or unreasonable refusal to perform the duties and responsibilities set forth in this Agreement, or to carry out reasonable directives of the Board of Trustees, where the effect of any such misconduct, action, inaction, inability or refusal is damaging or detrimental to the College.

9.   **Ownership of Property.** Aguillard and the College agree that all property of the College, whether in physical possession of Aguillard or the College, including without limitation, all documents, reports, records, manuals, memoranda, computer print-outs, credit cards, keys, identification, products, access cards, beepers, cellular phones and all other property relating to the business of the College, is the exclusive property of the College. Aguillard shall return to the College all such documents and property immediately upon termination of this Agreement or at such earlier time as the College may request. All parties acknowledge that Aguillard may personally own certain movable property located at the College to which this Section shall not apply.

10.   **Indemnity.**

(a) The College shall defend, hold harmless, and indemnity Aguillard from any and all demands, claims, suits, actions and legal proceedings brought against him by any third party, in his individual or official capacity as President Emeritus of the College, or in his capacity as agent, employee, or official of the Board of Trustees of the College, provided that the incident or occurrence giving rise to the claim or action takes place while Aguillard is acting within the course and scope of his employment or is reasonably related to the discharge of his responsibilities as President Emeritus as set forth in Section 2 hereof or is related to the validity of his contract as President Emeritus of the College.

LOUISIANA COLLEGE "College"                     DR. JOE AGUILLARD "Aguillard"

(b)  If in the good faith opinion of Aguillard, a conflict exists between the legal **position of Aguillard** and the legal position of the College, regarding the defense of any such third party claim(s) as set forth in Section 11(a) above, Aguillard may engage separate legal counsel, in which event the College shall indemnify Aguillard for the fees and expenses of his legal defense as well as indemnify him if any adverse judgment is rendered against him.  This indemnification shall also apply to litigation resulting from an automobile accident involving Aguillard while he is acting within the course and scope of his employment and/or traveling to or from his employment or other work related function.

(c)  The indemnity provided by this Section 10 shall not apply to any demands, claims, suits, actions or legal proceedings brought against Aguillard by any third party, whether in his individual or official capacity as President Emeritus of the College, or whether in his capacity as agent, employee, or official of the Board of Trustees of the College, in instances when the incident or occurrence giving rise to the claim or action takes place while Aguillard is not acting within the course and scope of is employment or is not reasonably related to the discharge of his responsibilities as President Emeritus as set forth in Section 2 hereof, or in instances where the acts and/or omissions of Aguillard are deemed grossly negligent or criminal in nature.

(d)  The indemnity provided by this Section 10 shall not apply to any demands, claims suits, actions or legal proceedings brought against Aguillard by the College or brought by Aguillard against the College, whether by direct or incidental demand, or otherwise, whether in his individual or official capacity as President Emeritus of the College.

11.    **Notices.**  All notices and other communications permitted or required to be given hereunder shall be in writing and shall be deemed to have been given if delivered promptly by hand or sent via U.S. mail, postage pre-paid as follows, or to such other addresses as the parties may notify each other in writing:

> If to the College to:
> (1)    [CURRENT CHAIRMAN]
>        Chairman, Louisiana College Board of Trustees
>        [ADDRESS]
>        [CITY, STATE, ZIP]

LOUISIANA COLLEGE "College"                    DR. JOE AGUILLARD "Aguillard"

With a copy to:
(2)    [CURRENT VICE CHAIRMAN]
Vice Chairman, Louisiana College Board of Trustees
[ADDRESS]
[CITY, STATE, ZIP]

If to Aguillard to:
Dr. Joe Aguillard
Louisiana College
107 Garnet Street
Pineville, Louisiana 71360

Either party hereto may at any time, and from time to time, change the address to which notices shall be sent hereunder by notice to the other party given under this Section. All such notices, requests, demands, or other communications shall be effective when received at the respective address set forth above or as then in effect pursuant to any such change.

12.    **Arbitration.** Any dispute arising under this Agreement or out of Aguillard's employment by the College shall be subject to binding arbitration in Alexandria, Louisiana under the rules for commercial arbitration of the American Arbitration Association.

13.    **Assignment.** This Agreement is not assignable.

14.    **Governing Law.** This Agreement shall be construed and governed in accordance with the laws of the State of Louisiana applicable to contracts made and to be wholly performed within such state, without regard to any conflict of laws provisions, principles, or statutes.

15.    **Entire Agreement.** This Agreement contains the entire agreement between the parties hereto and supersedes all previous agreements, contracts and understandings, whether written or oral, between the parties relating to the employment of Aguillard prior to the date of execution hereof.

16.    **Amendment.** This Agreement may not be amended except by an instrument in writing duly executed by all parties hereto.

17.    **Severability.** Should any part of this Agreement be declared invalid, such shall not affect the validity of any remaining portion and any such remaining portion shall continue in force and effect as if this Agreement had been executed with such invalid portion eliminated, and it is hereby declared the intention of the parties hereto that they would have executed the remaining portion of this Agreement without including any such part or portion which may for any reason hereafter be declared invalid.

_____   _____
LOUISIANA COLLEGE "College"      DR. JOE AGUILLARD "Aguillard"

18.   **Waivers.**  No waiver or any default or breach of this Agreement shall be deemed a continuing waiver or waiver of any other breach or default.

19.   **Counterparts.**  This Agreement may be executed in multiple counterparts, which together shall constitute one and the same instrument.

**THUS DONE AND SIGNED** on this the _15th_ day of _April_____, 2014, before the undersigned Notary Public and competent witnesses.

WITNESSES:                                **LOUISIANA COLLEGE, "College"**

_Kevin Ubie Johnson_                      By: _____

_CAROLYN SUE FRENCH_                      _DR TOMMY FRENCH_
                                          College Board of Trustees Chairman

                    _Ingrid F. Johnson_
                    **NOTARY PUBLIC #** _62304_
                         LA Bar Roll # 26665

**THUS DONE AND SIGNED** on this the _15th_ day of _April_____, 2014, before the undersigned Notary Public and competent witnesses.

WITNESSES:

_Kevin Ubie Johnson_                      _Dr. Joe Aguillard_
                                          **DR. JOE AGUILLARD, "Aguillard"**
_CAROLYN SUE FRENCH_

                    _Ingrid F. Johnson_
                    **NOTARY PUBLIC #** _62304_
                         LA Bar Roll # 26665