UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOE W. AGUILLARD | CIVIL ACTION NO. 1:17-CV-01671 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LOUISIANA COLLEGE | MAG. JUDGE MARK L. HORNSBY |

**MEMORANDUM ORDER**

Pending before the Court is a Motion for New Trial and/or Reconsideration [Doc. No. 74] filed by Plaintiff Joe W. Aguillard ("Aguillard"). Aguillard moves the Court to reconsider its April 4, 2019 Ruling and Judgment [Doc. Nos. 70 and 71] granting Defendant Louisiana College's Motion for Summary Judgment [Doc. No. 48] and dismissing Aguillard's claims of disability discrimination, disability-based retaliation, and disability-based hostile work environment. Louisiana College has filed an opposition [Doc. No 78], and Aguillard has filed a reply to the opposition [Doc. No. 79].

Aguillard asserts, first, that the Court erred in dismissing his claim of disability-based retaliation, arguing that he established all of the elements of a retaliation claim under the ADA. In his motion, Aguillard argues that he carried his initial burden of establishing all of the elements of a retaliation claim under the ADA; however, he does not address the Court's findings that LC offered sound non-retaliatory explanations for the adverse employment actions at issue and that Aguillard presented no evidence of pretext.

Second, Aguillard argues that the Court erred by utilizing the wrong legal standards or tests to analyze and dismiss Aguillard's claims that LC failed to furnish or provide him with the

reasonable accommodations he needed to carry out or perform the duties of his employment by LC.

Third, Aguillard contends that the Court erred in finding that he failed to adequately allege or establish a hostile work environment claim.

Fourth, Aguillard contends that the Court improperly weighed evidence and decided issues of credibility, motive, or intent in a motion for summary judgment.

In response, Louisiana College asserts that Aguillard is simply attempting to rehash evidence, legal theories, or arguments that could have been offered before judgment was entered. Louisiana College further asserts that Aguillard neither cites nor provides any admissible evidence raising a genuine issue of material fact of disability-based discrimination or that Louisiana College's legitimate, nondiscriminatory reasons for the adverse employment actions were pretextual.

With regard to the retaliation claim, Louisiana College also argues that Aguillard fails to show the actions complained of would not have been taken against him but for his alleged disability.

Louisiana College additionally contends that the Court correctly observed that, in his opposition, Aguillard did not oppose or dispute Louisiana College's argument that it was entitled to summary judgment dismissing any "hostile work environment" claim Aguillard may be making. Further, Aguillard points to no new evidence to refute the unopposed arguments and evidence that led to dismissal of his "hostile work environment" claims.

Louisiana College asserts that Aguillard still has not cited or explained any specific "accommodation" that was sought, denied, or granted and then removed.

Louisiana College further asserts that there was no "weighing" of evidence or any determination of "credibility" by the Court, and further, Aguillard cites no evidence that was supposedly "weighed" and names no person whose "credibility" was supposedly determined. Nor was there any finding of "motive or intent' in the Court's recognition that Aguillard's conduct was properly determined by the FAAC to be detrimental to Louisiana College, thus warranting his termination.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60.[1] Rules 59 and 60 apply only to final judgments. Rule 54(b) provides that any order "that adjudicates fewer than all the claims... [among] all the parties... may be revised at any time before the entry of a [final] judgment." FED. R. CIV. P. 54(b). "Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F2.d 551, 553 (5th Cir. 1981)) (citations omitted); *see generally Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n. 14 (1983) (holding that "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown"). An "order granting partial summary judgment [is] interlocutory," and, therefore, the Court must "analyze[] the motion for reconsideration under Rule 54(b) . . . instead of Rule 59(e), which applies to final judgments." *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). Courts evaluate motions to reconsider interlocutory orders under a "less exacting"

---

[1] Aguillard alleged in his motion that he was entitled to a new trial solely pursuant to Federal Rule of Civil Procedure 59, which is not applicable here. The Court will consider the motion as having been filed pursuant to Rule 54(b).

standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. *See HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)); *Sw. Louisiana Hosp. Ass'n v. BASF Const. Chemicals*, LLC, No. 2:10-CV-902, 2013 WL 1858610 (W.D. La. Apr. 29, 2013) (quoting *Livingston Downs*, 259 F. Supp. 2d at 475). Therefore, in determining whether to grant the motion, the Court evaluates whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *HBM Interests,* 2013 WL 3893989, at *1 (internal quotation marks and citations omitted).

In this case, the Court finds no basis to reconsider or rescind its previous Ruling and Judgment. The Court has already considered all arguments raised by Aguillard. Aguillard does not point to any change in the controlling law or new evidence that was not available to him earlier to support his motion, but merely rehashes his previous arguments. The Court understands and appreciates Aguillard's arguments, but the Court disagrees with his reasoning and finds that his conclusions are not supported by the case law. Therefore, the Court finds no reason to reconsider its Ruling and Judgment. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for New Trial and/or Reconsideration [Doc. No. 74] is **DENIED**.

MONROE, LOUISIANA, this 15th day of May, 2019.

                                                **TERRY A. DOUGHTY**
                                                **UNITED STATES DISTRICT JUDGE**