# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| JOE W. AGUILLARD | CIVIL ACTION NO. 1:17-CV-01671 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LOUISIANA COLLEGE | MAG. JUDGE MARK L. HORNSBY |

## RULING

Plaintiff Joe W. Aguillard ("Aguillard") sued his former employer, Louisiana College ("LC"), alleging, in part, that LC "failed to report numerous events or occurrences which were required to have been reported by it pursuant to the Clery Act, 20 U.S.C. § 1092 (f)(1)(F)(I), and then retaliated against plaintiff for filing 'whistleblower' complaints with respect thereto." [Doc. No. 58, ¶ 31B). Pending here is LC's Motion for Partial Summary Judgment [Doc. No. 72] seeking dismissal of Aguillard's claims arising under the Clery Act, including his Clery Act retaliation claim. Aguillard has filed an opposition [Doc. No. 82]. LC has filed a reply [Doc. No. 83].

For the following reasons, the Motion for Partial Summary Judgment is GRANTED.

## I. FACTS

Aguillard served as President of LC from January of 2005 to July of 2014. Thereafter he served as "President Emeritus" of LC and as a fully tenured member of the faculty. [Doc. No. 1, ¶¶ 1-5]. LC employed an acting president to follow Aguillard for one year, and LC then hired Dr. Richard Brewer ("Brewer") as president. Brewer has held the job since April 2015.

LC terminated Aguillard's employment effective March 31, 2016. Following his termination, Aguillard filed a charge of discrimination with the EEOC and the Louisiana Commission on Human Rights, alleging that LC had discriminated against him because of

disability, religion, and in retaliation for opposing illegal practices in violation of the American With Disabilities Act, as amended, 42 U.S.C. §§ 12101-12213 ("ADA"), and Title VII. He filed a second charge of retaliation/discrimination with the EEOC and set forth more fully his religious beliefs conflict with Brewer.[1] The EEOC issued a "Right to Sue" letter on both charges. [Id. at¶¶ 31-33].

Aguillard's original Complaint invoked federal laws that prohibit discrimination on the grounds of religion, age, and disability. Aguillard also alleged that LC retaliated against him for complaining about and opposing unlawful discrimination.[2]

On November 13, 2018, Aguillard filed a motion for leave to file his First Amended Complaint [Doc. No. 32]. LC opposed the motion for leave [Doc. No. 34]. On February 14, 2019, Magistrate Judge Hornsby issued a Report and Recommendation which recommended that Aguillard's motion for leave be granted [Doc. No. 54]. On March 1, 2019, this Court adopted the Report and Recommendation [Doc. No. 57], and the First Amended Complaint was filed [Doc. No. 58].

Pertinent here is Paragraph 31B of the First Amended Complaint, which alleges:

"31B

Louisiana College failed to report numerous events or occurrences which were required to have been reported by it pursuant to the Clery Act, 20 U.S.C.A. §1092(f)(1)(F)(1), and then retaliated against Plaintiff for filing "whistleblower" complaints with respect thereto in violation of 79 FR 62783(m) [Oct. 20, 2014]."

---

[1] Aguillard alleges that Brewer is a "Calvinist," whereas Aguillard is not.

[2] On September 19, 2018, this Court granted partial summary judgment for LC and dismissed Aguillard's Title VII religious discrimination and retaliation claims on the grounds the college falls within a religious organization exemption. [Doc. No. 30]. On April 4, 2019, this Court further granted summary judgment for LC and dismissed Aguillard's claims of disability discrimination, disability-based retaliation, and disability-based hostile work environment. [Doc. No. 70].

[Doc. No. 58, ¶ 31B].

LC argues in its Motion for Partial Summary Judgment that Aguillard's claims arising under the Clery Act, including his Clery Act retaliation claim, as set forth in Paragraph 31B should be dismissed with prejudice. The motion is fully briefed, and the Court is prepared to rule.

## II.　LAW AND ANALYSIS

### A.　Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache*

3

*Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248.)

**B.     Analysis**

Paragraph 31B of Aguillard's First Amended Complaint alleges that LC failed to report numerous events that were required to have been reported pursuant to the Clery Act, a federal statute that requires colleges participating in federal financial aid to maintain and disclose campus crime statistics and security information. Aguillard further alleges that LC retaliated against him for filing "whistleblower complaints" about these matters, in violation of 79 F.R. 62783(m). Although not cited in the First Amended Complaint, 34 C.F.R. Section 668.46(m) provides that an institution or its agent may not retaliate or discriminate against any individual for exercising his rights or responsibilities under other provisions of the regulation.

LC seeks summary judgment dismissing Aguillard's claims arising under the Clery Act, including his Clery Act retaliation claim, on several grounds. First, LC argues that Aguillard has no cause of action because the Clery Act prohibits private actions for violations of the Act, including Clery Act retaliation claims. Alternatively, LC argues that it could not have retaliated against Aguillard for filing a Clery Act complaint because LC was not notified that Aguillard had filed a Clery Act complaint until after Aguillard had filed his motion for leave to amend. Finally, LC argues that Aguillard's discovery responses do not support his alleged cause of action.

Aguillard opposes the motion on the grounds that he is not seeking to recover damages

4

from LC for its alleged failure to comply with the Clery Act. Rather, he is seeking to recover damages from LC for retaliating against him for filing EEOC charges and for filing "whistleblower" complaints with the Southern Association of Colleges and Schools ("SACSCOC"), which alleged, among other things, that LC had failed to comply with the Clery Act. He further asserts that the "retaliation" of which he complains in Paragraph 31B is LC's filing of a defamation suit against him on May 25, 2017. Aguillard concludes, "Plaintiff has not claimed in his Complaint, as amended, and does not claim any damages or other relief under the Clery Act and, consequently, Defendant is not entitled to Partial Summary Judgment as a matter of law." [Doc. No. 82, p. 2].

LC replies that Aguillard is now taking a new position that he never asserted any Clery Act claims, which contradicts his prior assertions. LC states that, although it does not challenge Aguillard's "complete abandonment" of his Clery Act claims, LC believes Aguillard would have claimed they presented a trial issue, if LC had not sought summary judgment on the Clery Act allegations. [Doc. No. 83, p.3].

### 1. No Cause of Action under the Clery Act

LC asserts that, despite its prohibition of retaliation, the Clery Act prohibits private actions for violations of the Act, and that this prohibition has been held effective as to Clery Act retaliation claims. Thus, LC submits, Aguillard has no cause of action for his Clery Act claims here.

The Clery Act provides, in pertinent part:

> Nothing in this subsection may be construed to ... create a cause of action against any institution of higher education or any employee of such an institution for any civil liability; or ... establish any standard of care.

20 U.S.C. § 1092(f)(14)(A)

As stated in *Souders v. Mount St. Joseph University*, No. 15-429, 2016 WL2935663 (S.D.

Ohio, May 20, 2016):

> Plaintiff is correct that the Clery Act prohibits universities from retaliating against whistleblowers ... However, unlike other federal whistleblower protection statutes, such as the Sabines-Oxely Act, 18 U.S.C. § 1514A, the Clery Act does not include a detailed scheme for whistleblowers seeking relief from retaliation nor does it provide an exception to the general prohibition against private causes of action. Congress certainly knows how to provide whistleblowers with a private cause of action when it wants to. The fact that Congress did not specifically provide one in the Clery Act and, indeed, explicitly prohibited private actions, shows that Plaintiff is not entitled to relief on his Clery Act claim. *Michigan Corr. Org. v. Michigan Dept. of Corr.*, 774 F.3d 895, 903 (6thCir. 2014) ("[W]hen a statute contains an enforcement mechanism but does not expressly provide a private remedy, Congress did not mean to permit private enforcement of the statute."

*Id*. at *1; see also *Beck v. Cornell University*, No. 16-1104, 2016 WL6208535, *2 (N.D. New York, Sept. 22, 2016) ("The Clery Act specifically states that its provisions do not give rise to private causes of action against educational institutions.").

In his opposition, Aguillard cites no authority to the contrary. Although he attempts to recharacterize his claim, he nevertheless has failed to state a basis under federal or state law for his claims, other than the Clery Act.

Accordingly, the Court must GRANT LC's motion for partial summary judgment and DISMISS WITH PREJUDICE Aguillard's claims arising under the Clery Act, including his Clery Act retaliation claim.

### 2. LC's Alternative Arguments

Even assuming arguendo that Aguillard has stated a cause of action, LC is nevertheless entitled to summary judgment.

LC has submitted summary judgment evidence which shows that Aguillard first emailed his Clery Act complaint to the U.S. Department of Education ("DOE") on April 9, 2018. [Doc.

No. 72-8, p.1]. The DOE first advised LC of the alleged Clery Act violations on December 3, 2018, when it sent an email to LC's Chief of Police, Clifford D. Gatlin ("Chief Gatlin"). [Doc. No. 72-4, Gatlin Affidavit]. Prior to December 3, 2018, LC was unaware that any Clery Act violation claims had been made against it by Aguillard. [Doc. No. 72-3, Brewer Affidavit; Doc. No. 72-4, Gatlin Affidavit]. Aguillard has submitted no evidence to indicate otherwise.

Since LC did not learn that Aguillard had made his allegations of Clery Act violations to the DOE until *after* Aguillard filed his motion for leave to file his amended complaint, on November 13, 2018, LC could not have retaliated against Aguillard for doing something they did not know he had done. Furthermore, the act of retaliation that he cites in his opposition, the filing of the defamation claim against him, occurred on May 25, 2017, well before he first made an allegation of Clery Act violations to the DOE.

Additionally, LC shows that it filed discovery requests for Aguillard to produce copies of all whistleblower complaints referenced by him in Paragraph 31B [Doc. No. 72-6, p. 2], and Aguillard's discovery responses list only non-DOE "whistleblower complaints" that have nothing to do with the Clery Act. Therefore, they cannot form the basis of a Clery Act claim.

### III. CONCLUSION

For the reasons set forth above, LC's Motion for Partial Summary Judgment [Doc. No. 72] is **GRANTED**. Aguillard's claims arising under the Clery Act, including his Clery Act retaliation claim, are **DISMISSED WITH PREJUDICE.**

MONROE, LOUISIANA, this 13th day of June, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE