# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **JOE W. AGUILLARD** | **CIVIL ACTION NO. 1:17-CV-01671** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LOUISIANA COLLEGE** | **MAG. JUDGE MARK L. HORNSBY** |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Joe W. Aguillard's ("Aguillard") Motion for Rehearing and/or Reconsideration of Ruling Granting Defendant's Exception of Prescription on Plaintiff's Claims for Intentional Infliction of Emotional Distress and Incorporated Supporting Memorandum [Doc. No. 134]. Aguillard moves the Court to reconsider its September 27, 2019 Ruling and Judgment [Doc. Nos. 130 and 131] granting Defendant Louisiana College's ("LC") Motion for Partial Summary Judgment [Doc. No. 103] and dismissing Aguillard's intentional infliction of emotional distress ("IIED") claim on the basis of prescription. LC has filed an opposition [Doc. No 136].

The parties are in agreement that the Court's September 27, 2019 Ruling and Judgment [Doc. Nos. 130 and 131] resolved Aguillard's last remaining claim; therefore, it is a final judgment.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The United States Court of Appeals for the Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). *Hamilton Plaintiffs v. Williams Plaintiffs,* 147 F.3d 367, 371 n.

10 (5th Cir. 1998); *see also* Fed. R. Civ. P. 59(e). Because Aguillard filed the instant motion on October 11, 2019, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Basinkeeper v. Bostick,* 663 F. App'x 291, 294 (5th Cir. 2016)(quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)).

Because Rule 59(e) has a "narrow purpose," the Fifth Circuit has "observed that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" *Id*. (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ). Thus, "a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id*. (quoting *Templet*, 367 F.3d at 479).

Aguillard seeks a reconsideration or rehearing on three grounds: (1) the Court erroneously ignored and prejudicially failed to apply *Bustamento v. Tucker*, 670 So.2d 532 (La. 1992); (2) the Court erroneously failed to recognize that he is pursuing a "retaliatory hostile work environment" claim; and (3) the Court erred in concluding that the relevant period of time for determining whether LC's conduct was "continuous" was from May 3, 2015, to March 31, 2016.  The Court

will consider each argument in turn.

Aguillard asserts first that the Court erroneously ignored and prejudicially failed to apply *Bustamento* and its progeny, which hold that the continuous nature of alleged misconduct has the dual effect of rendering such conduct tortious and of delaying the commencement of prescription. He asserts that LC engaged in a pattern of on-going, repeated harassment here, as in *Bustamento*, which caused him serious emotional injury.

The *Bustamento* Court found:

> The rationale underlying our generalization in *White*, supra, regarding repeated conduct is that conduct which, viewed as an isolated incident, would not be outrageous or would not be likely to cause serious damage, can become such when repeated over a period of time. *See* Restatement (Second) of Torts § 46, Comment(j) (noting that both the intensity and the duration of the distress are factors to be considered in determining whether a pattern of conduct is actionable). This has been characterized as a sliding scale approach under which even relatively "mild" harassment may become tortious if continued over a substantial time period. [Citation omitted]

670 So.2d. at 538. The *Bustamento* Court further stated:

> Simply put, we find the continuous nature of the alleged conduct has the dual effect of rendering such conduct tortious and of delaying the commencement of prescription.

*Id,* at 539.

Aguillard's employment was terminated by LC, effective March 31, 2016, and he filed his original Complaint on December 27, 2017. The Court finds that Aguillard's *Bustamento* argument fails to address the fact that all of the purported IIED acts alleged in Aguillard's Complaint – even considered *collectively* – still occurred between May 3, 2015, and March 31, 2016, more than a year prior to the filing of his original Complaint. Additionally, Aguillard

3

himself made assertions as to the claimed severe gravity of the individual acts, thus excluding them from the *Bustamento* umbrella of "even relatively 'mild' harassment" which "may become tortious if continued over a substantial time period."  670 So.2d at 538.

Furthermore, the summary judgment evidence that was submitted to the Court, including Aguillard's own statements and evidentiary filings, show the individual, stand-alone nature of the claimed acts; accordingly, each alleged individual act was its own separate claimed tort, with prescription beginning upon the occurrence of each act, and Aguillard's own claimed severe mental distress reaction thereto. Therefore, this argument has no merit.

Aguillard next argues that the Court erroneously failed to recognize that he is pursuing a "retaliatory hostile work environment" claim.  He argues that the Court erroneously ignored the "pattern of antagonism," including the *persona animus* of Dr. Brewer, the president of LC, toward Aguillard that shows a "causal" connection between Aguillard's "protected activities" and LC's repeated retaliations, including the filing of the defamation suit.

LC responds that Aguillard is trying to assert a new Title VII claim that was never alleged in his Complaint or Amended Complaints, and that was never asserted in his IIED summary judgment opposition [Doc. No. 120].  LC continues that, regardless of the impropriety of such an attempt, Aguillard's new claim would not show the absence of prescription as to the purported IIED acts – no matter what Aguillard calls them, and no matter how Aguillard seeks to characterize them.  Finally, LC contends that Aguillard fails to consider that all "hostile work environment" claims would have ended as of March 31, 2016, the last day on which Aguillard had any "work environment."

The Court finds that Aguillard's Title VII argument simply rehashes and repeats his

4

previous, prescribed claims – now packaged as a "pattern of antagonism" [Doc. No. 134, pp. 8-12 of 14).  Aguillard's re-argument of old allegations does not negate the Court's finding that his IIED claim had prescribed.  Therefore, this argument has no merit.

Finally, Aguillard argues that the Court erroneously held that the "ending" date for determining conduct or "improper acts" actionable because of their continuous nature was March 31, 2016, the date Aguillard's employment ended.  Specifically, Aguillard argues that the filing of the defamation suit against him on or about May 24, 2017, is still pending unabated, is still harassing him, and is a component part of the continuing course of conduct.  He contends that retaliation claims can often arise post-employment when an employee who has been terminated files an action under Title VII charging discrimination in discharge only to meet continued harassment from his employers in retaliation for the filing of the action, citing *EEOC v. Cosmair, Inc.*, 82 F.2d 1085, 1088 (5th Cir. 1987).  Therefore, according to Aguillard, the "ending" date has not yet arrived, and, in any event, is no earlier than May 24, 2017, when the defamation suit was filed against him by LC.  Thus, he argues that the filing of this suit on December 27, 2017, was well within the one-year prescriptive period.

The Court finds that this argument ignores the Court's earlier finding of no retaliatory conduct in the filing of LC's defamation action [Doc. No. 116, Memorandum Ruling]. The finding of a legitimate, non-retaliatory basis for the filing of LC's defamation action would further show the absence of intent to cause emotional distress.  Therefore, Aguillard's argument does not establish the viability of his prescribed IIED claims, and this claim has no merit.

In summary, the Court has carefully considered all of Aguillard's arguments.  However, the Court finds no basis to reconsider or rescind its previous Ruling and Judgment. The Court has

already considered many of the arguments raised by Aguillard.  Aguillard does not point to any change in the controlling law or new evidence that was not available to him earlier to support his motion, but merely rehashes many of his previous arguments.  The Court finds no manifest errors of law or fact in its prior ruling, and no manifest injustice.  The Court understands and appreciates Aguillard's arguments, but the Court disagrees with his reasoning and finds that his conclusions are not supported by the case law.  Therefore, the Court finds no reason to reconsider its Ruling and Judgment.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Rehearing and/or Reconsideration of Ruling Granting Defendant's Exception of Prescription on Plaintiff's Claims for Intentional Infliction of Emotional Distress and Incorporated Supporting Memorandum [Doc. No. 134] is **DENIED**. Further, the entry of this order disposes of Aguillard's Rule 59(e) motion on the last remaining claim asserted by him.  Therefore, pursuant to Rule 4 of the Federal Rules of Appellate Procedure, the time to file an appeal begins to run from the date this order is filed.

MONROE, LOUISIANA, this 24th day of October, 2019.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**