# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| JOE W. AGUILLARD | CIVIL ACTION NO. 1:17-01671 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LOUISIANA COLLEGE | MAG. JUDGE MARK L. HORNSBY |

## RULING

Pending before the Court is Defendant Louisiana College's ("LC") Motion for Attorney Fees [Doc. No. 137]. Plaintiff Joe Aguillard ("Aguillard") filed a memorandum in opposition to the motion. [Doc. No. 145]. LC filed a reply [Doc. No. 146].

For the following reasons, LC's Motion for Attorney Fees is DENIED.

**I.     Background**

Aguillard filed this civil action against LC, his former employer. LC is a private college associated with the Baptist faith. Aguillard originally asserted religious discrimination and retaliation claims under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended ("Title VII"); and disability discrimination, retaliation, and hostile work environment claims under the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"). Aguillard subsequently asserted an ADA retaliation claim alleging LC filed a defamation lawsuit against him in retaliation for his filing of an ADA "Charge of Discrimination" and a "Whistleblower Complaint."

On September 19, 2018, the Court granted summary judgment in favor of LC dismissing Aguillard's religious discrimination and retaliation claims. [Doc. Nos. 30, 31]. On April 4, 2019,

the Court granted summary judgment in favor of LC dismissing Aguillard's claims of disability discrimination and disability-based retaliation, as well as any disability-based hostile work environment claims Aguillard may have made. [Doc. Nos. 70, 71]. On August 26, 2019, the Court granted summary judgment in favor of LC dismissing Aguillard's ADA defamation/retaliation claim. [Doc. Nos. 116, 117].

LC now seeks attorney fees relating to its defense of Aguillard's Title VII and ADA claims.[1]

## II. LAW AND ANALYSIS

### A. Attorney Fees Law

Under Title VII, a court may award reasonable attorney fees to the prevailing party. 42 U.S.C. § 2000e-5(k). When a defendant is the prevailing party in a Title VII case, such an award may be made only "where the court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so," or that the plaintiff brought a claim in bad faith. *Provensal v. Gaspard*, 524 Fed. App'x. 974, 976 (5th Cir. 2013) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

Under the costs provision of the Americans With Disabilities Act ("ADA"), attorney fees may also be awarded to the defendant "if the plaintiff's action was frivolous, unreasonable or without foundation." *Webster v. Bd. of Supervisors*, No. 13-6613, 2016 WL 4467750, *2 (E.D. La.

---

[1] Additionally, the Court granted summary judgment in favor of LC on Aguillard's claims that were not based on Title VII or the ADA. On June 13, 2019, the Court granted summary judgment in favor of LC dismissing Aguillard's claims arising under the Clery Act, including his Clery Act retaliation claim. [Doc. Nos. 89, 90]. On September 27, 2019, the Court granted summary judgment in favor of LC dismissing Aguillard's claim for intentional infliction of emotional distress. [Doc. Nos. 130, 131]. LC does not seek attorney fees for the work performed in defending against these claims.

Aug. 24, 2016) (citing 42 U.S.C. § 12205 and *Christiansburg*, *supra*).

"[T]o determine whether a suit is frivolous, a court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether 'the claim was ultimately successful.'" *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 997-98 (5th Cir. 2008) (citing *Jones v. Texas Tech Univ.,* 656 F.2d 1137, 1145 (5th Cir.1981))

Claims do not need to be "airtight" to avoid being frivolous, and courts must be careful not to use the benefit of perfect hindsight in assessing frivolousness. *Christiansburg*, 434 U.S. at 421-22. In assessing frivolity, courts in this circuit look primarily to three factors: (1) whether the plaintiff established a *prima facie* case, (2) whether the defendant offered to settle, and (3) whether the court held a full trial. *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000). As further stated in *Provensal*, *supra*, "[t]hese factors are 'guideposts,' and frivolousness must be judged on a case-by-case basis . . . Where a claim is 'so lacking in merit' as to render it groundless, it may be classified as frivolous." *Id.*, 524 Fed. App'x. at 976 (quoting *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991)). Also, "[a] claim is frivolous if a plaintiff failed to provide any testimony or evidence to support it." *Hudson v. Town of Woodworth*, No. 1:17-00344, 2018 WL 2550487, *2 (W.D. La. July 23, 2018) (citing *DeRamus v. City of Alexandria,* 675 Fed. App'x. 408, 413 (5th Cir. 2017)).

**B.     Analysis**

LC states that it did not offer to settle *any* of Aguillard's claims "inasmuch as they were completely without any factual or legal basis whatsoever." [Doc. No. 137-3, p. 8]. The Court also notes that a full trial was not required on any of Aguillard's claims.

LC asserts that its multiple Motions for Partial Summary Judgment would not have been

necessary if Aguillard had followed a basic litigation duty: "[w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991). LC further asserts that, although Aguillard's multiple, combined filings contain dozens of exhibits and a multitude of self-serving Affidavit statements by Aguillard, his "evidence" did not support any of his baseless claims, and thus, his claims were clearly frivolous.

Aguillard responds that none of his claims were frivolous or made in bad faith, and, moreover, that the Court's rulings in favor of LC were erroneous. Aguillard further contends that LC has not presented adequate records to properly support its claims for attorney fees, and, additionally, LC is seeking to recover attorney fees it paid for services that have nothing to do with the alleged frivolous claims.

*Christianburg* makes it clear that a district court must not rely solely on the ultimate outcome of litigation as the standard for whether attorney's fees should be awarded. 434 U.S. at 421 (citing *Carrion v. Yeshiva University,* 535 F.2d 722 (2d Cir.1976)) (stating that awards of attorney's fees should not be granted to a prevailing defendant routinely or simply because he succeeds). Indeed, "the dismissal of a plaintiff's claim before they reach the jury is insufficient by itself to support a finding of frivolity." *Doe v. Silebee Independent Sch. Dist.,* 440 F. App'x 421, 425 (5th Cir.2011).

The dispositive question is, instead, whether Aguillard's claims against LC were "so lacking in arguable merit as to be groundless or without foundation." *Stover,* 549 F.3d at 988. The Court has carefully reviewed the allegations in Aguillard's complaint, the arguments that were made by LC in its motion for summary judgment, and the arguments made by Aguillard in

opposition to LC's motion, and, the Court cannot conclude that Aguillard's claims are "so lacking in merit" as to render them groundless or without foundation.

In support of his oppositions, Aguillard offered as summary judgment evidence not only his own Affidavits, but also Affidavits from others, including Dr. Carolyn D. Spears, [Doc. No. 29-17, 18, 19, and 20]; Michael Paul Shamblin, [Doc. No. 60-25]; Dr. Darla Jo Gilbert, [Doc. No. 60-26]; Dr. Kyle Runnels, [Doc. No. 60-27]; and Billy R. Pesnell [Doc. No. 29-21; Doc. No. 91-16].

He also offered as summary judgment evidence certain discovery responses [Doc. No. 29-22, 23; Doc. No. 91-17].

Thus, this is not a case where a plaintiff's claims were manufactured out of whole cloth. *See Stover,* 549 F.3d at 998 (action not frivolous where the record contained some plausible evidence supporting plaintiff's claims). Although the Court found that the summary judgment evidence offered by Aguillard was not sufficient to establish the existence of a genuine issue of material fact for trial, he nevertheless did offer some evidence other than his own self-serving Affidavits. For the Court to assess attorney's fees under such circumstances would add substantially to the risks of litigation while also undercutting the efforts of Congress to promote the rigorous enforcement of Title VII and the ADA.

Accordingly, LC's request for attorney's fees incurred in defending against Aguillard's Title VII religious discrimination/retaliation claims; his ADA claims for alleged discrimination, retaliation, hostile work environment, and failure to accommodate; and his ADA defamation retaliation claims, is denied.[2]

---

2   Having denied LC's motion for attorney fees on these grounds, the Court need not address Aguillard's remaining contentions that LC has not presented adequate records to properly support its claims for attorney fees

### III. CONCLUSION

For the foregoing reasons, LC's Motion for Attorney Fees [Doc. No. 137] is DENIED.

MONROE, LOUISIANA, this 13th day of December, 2019.

                                                **TERRY A. DOUGHTY**
                                                **UNITED STATES DISTRICT JUDGE**

---

and that LC is seeking to recover attorney fees it paid for services that have nothing to do with the alleged frivolous claims.