# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
August 19, 2020
Lyle W. Cayce
Clerk

No. 19-30941

JOE W. AGUILLARD,

    Plaintiff - Appellant

v.

LOUISIANA COLLEGE,

    Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-1671

Before KING, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:*

    After he was fired by Louisiana College, Joe Aguillard sent misconduct allegations to the college's accrediting body. Those accusations prompted Louisiana College to sue Aguillard in state court for defamation. Aguillard countered by suing the college in federal court, alleging—among other things—that the defamation suit violated anti-retaliation provisions found in the Americans With Disabilities Act and in Title VII. The district court granted

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 17-30941 Document: 00515559030 Page: 2 Date Filed: 09/19/2020
Case 1:17-cv-30941-TAD Document 155-19 Filed 02/10/22 Page 2 of 22 PageID #: 3587

No. 19-30941

Louisiana College summary judgment regarding Aguillard's claims, and we affirm.

## I.

Louisiana College is a private Baptist college located in Pineville, Louisiana and accredited by the Commission on Colleges of the Southern Association of Colleges and Schools (Southern Association). Aguillard became president of Louisiana College on January 15, 2005. On July 31, 2014, Aguillard stepped down as president of Louisiana College for health reasons, but he continued to be employed as a tenured faculty member and president emeritus. Aguillard's relationship with his successor was, in a word, contentious. Ultimately, Aguillard was fired for cause on March 31, 2016.[1]

The day after he was fired, Aguillard filed a complaint with the EEOC. Aguillard alleged that his successor engaged in a pattern of harassment that created a "hostile environment." According to Aguillard, this harassment as well as his firing constituted religious discrimination, disability discrimination, and "retaliation for opposing illegal practices" in violation of Title VII of the Civil Rights Act of 1964 and the Americans With Disabilities Act. Aguillard filed a second EEOC complaint making similar allegations on July 8, 2016.

Additionally, Aguillard submitted a complaint to the Southern Association on June 7, 2016. In that complaint, Aguillard said that Louisiana College: (i) violated its tenure policies and acted improperly by firing him; (ii) illegally and improperly changed the grades of certain nursing students; (iii) engaged in academic fraud by awarding credit to students enrolled in a class that Aguillard taught even though his firing prevented those students

---

[1] Aguillard's firing was later affirmed in an arbitration proceeding, and the arbitral award was confirmed by a Louisiana state court.

from completing the course; and (iv) covered up an incident on Louisiana College's campus in which one student shot another. In May 2017, Louisiana College sued Aguillard in state court, alleging that these accusations were not only false but defamatory.

Aguillard, on the other hand, commenced a suit against Louisiana College in federal court on December 27, 2017. While Aguillard originally asserted many different claims, only two of them remain relevant on appeal. First, Aguillard claims that Louisiana College's defamation suit violated the anti-retaliation provisions of the ADA and Title VII. Second, Aguillard claims that Louisiana College is liable under state law for intentional infliction of emotional distress (IIED).

The district court granted summary judgment to Louisiana College on both claims. The district court held that the ADA and Title VII do not prohibit retaliation based on communications with the Southern Association and therefore granted summary judgment regarding Aguillard's retaliation claim. Further, the district court determined that the summary-judgment evidence did not show that any actions taken by Louisiana College after Aguillard's firing on March 31, 2016, gave rise to an IIED claim. As to events that took place while Aguillard was employed by the college, the district court concluded that Aguillard's December 27, 2017 complaint was filed outside the one-year prescriptive period applicable to IIED claims under Louisiana law. Because Aguillard had no remaining claims, the district court entered final judgment. Aguillard filed a timely notice of appeal.

No. 19-30941

## II.

Aguillard contends that the district court erred by granting summary judgment on his retaliation claim and his IIED claim.[2] We review the district court's decision to grant summary judgment de novo and apply the same standard as the district court. *Feist v. La., Dep't of Justice, Office of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). "After a defendant properly moves for summary judgment, the non-movant plaintiff must bring forward sufficient evidence to demonstrate that a genuine issue of material fact exists on every element of a claim." *Fla. Dep't of Ins. v. Chase Bank of Tex. Nat'l Ass'n.*, 274 F.3d 924, 928 (5th Cir. 2001).

### A.

The district court did not err by granting summary judgment to Louisiana College on Aguillard's retaliation claim. The ADA and Title VII both prohibit retaliation against individuals who file discrimination charges with the EEOC, testify before the EEOC, assist the EEOC, or participate in EEOC investigations. 42 U.S.C. §§ 2000e-3(a), 12203(a). The parties agree that these provisions prohibit defamation suits based on statements in EEOC complaints as well as suits that are filed with a retaliatory motive. For the purposes of this appeal we assume without deciding that this is correct.

"To establish a prima facie case of retaliation under the ADA or Title VII, a plaintiff must show that (1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action." *Feist*, 730 F.3d at 454. "Close timing between an employee's

---

[2]Aguillard also argues that the district court erred by failing to recognize that he pursued a retaliatory-hostile-work-environment claim. We reject that argument out of hand, because Aguillard's "failure to pursue this claim beyond [his] complaint constituted abandonment." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).

4

protected activity and an adverse action against him may provide the 'causal connection' required to make out a *prima facie* case of retaliation." *McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007) (citation omitted). That said, the "cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (quoting *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001)). While a four-month gap may be sufficient evidence of causation, a five-month gap is too long absent other evidence. *Feist*, 730 F.3d at 454.

Aguillard fails to identify any summary-judgment evidence suggesting that his protected activity, i.e., his EEOC complaints, caused Louisiana College's defamation suit. Aguillard argues that Louisiana College's defamation claims were based on his EEOC complaints, but that characterization simply is not accurate. While the college's state-court pleadings mention Aguillard's EEOC complaints for context, the actual claims are based on statements that Aguillard made to the Southern Association, and such statements—unlike EEOC complaints—are not protected activity.[3]

Aguillard also argues that he can demonstrate causation via temporal proximity. The problem with that argument is that we have held that temporal proximity is not enough to establish causation when there is a five-month gap

---

[3] Aguillard asserts that there should be an absolute privilege protecting communications with the Southern Association, but if such a privilege existed, it would merely provide a defense that Aguillard could assert in state court against Louisiana College's defamation claims. *See Kennedy v. Sheriff of E. Baton Rouge*, 2005-1418, p. 16 (La. 7/10/06); 935 So. 2d 669, 681 ("In Louisiana, privilege is a defense to a defamation action. . . . Privileged communications are divided into two general classes: (1) absolute; and (2) conditional or qualified."). It would not make those claims independently actionable under the ADA or Title VII.

between the protected activity and the alleged retaliation, and Louisiana College's defamation case was filed ten months after Aguillard's second EEOC complaint. We therefore conclude that the district court did not err by granting summary judgment regarding Aguillard's retaliation claim.[4]

## B.

The district court properly granted summary judgment on Aguillard's IIED claim. With certain exceptions that are not relevant here, Louisiana law subjects IIED claims to a one-year prescriptive period. *See Godfrey v. Reggie*, 2011-1575, p.8 (La. App. 3 Cir. 5/2/12); 94 So. 3d 82, 89 ("The plaintiff's claims for . . . intentional infliction of emotional distress are subject to a one-year prescriptive period."). Usually, when IIED claims are based on multiple actions, prescription commences on "the date of each separate incident." *Bustamento v. Tucker*, 607 So.2d 532, 538 (La. 1992). If, on the other hand, a claim is based on continuous conduct "by the same actor, of the same nature, and the conduct becomes tortious and actionable because of its continuous, cumulative, synergistic nature," then the claim is treated as a continuing tort such that "prescription does not commence until the last act occurs or the conduct is abated." *Id.* at 542.

The district court determined that the summary-judgment evidence did not show that any actions taken by Louisiana College after Aguillard's firing gave rise to an IIED claim, and Aguillard does not challenge that determination on appeal. Consequently, the only events that might even

---

[4] In his appellate briefing, Aguillard raises a new causation theory based on the "pattern of antagonism" exhibited by his successor. Because Aguillard did not present this theory to the district court, we will not address its merits on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) ("The Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." (quoting *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996))).

arguably provide a basis for an IIED claim occurred while Aguillard was employed by Louisiana College. Aguillard contends that those events constituted a continuing pattern of harassment such that prescription did not commence until the last act occurred. Whether or not this contention is true, Aguillard's IIED claim is time-barred, because any pattern of harassment ended when Aguillard was fired, and he filed suit more than a year later.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2020

Lyle W. Cayce
Clerk

No. 19-30941

JOE W. AGUILLARD,

    Plaintiff - Appellant

v.

LOUISIANA COLLEGE,

    Defendant - Appellee

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-1671

_____

Before KING, GRAVES, and OLDHAM, Circuit Judges.

## JUDGMENT

  This cause was considered on the record on appeal and was argued by counsel.

  IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

  IT IS FURTHER ORDERED that appellant pay to appellee the costs on appeal to be taxed by the Clerk of this Court.

**Certified as a true copy and issued
as the mandate on Sep 10, 2020**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals

**FIFTH CIRCUIT**
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

September 10, 2020

Mr. Tony R. Moore
Western District of Louisiana, Alexandria
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

     No. 19-30941   Joe Aguillard v. Louisiana College
                            USDC No. 1:17-CV-1671

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                            Sincerely,

                            LYLE W. CAYCE, Clerk

                            By: _____
                            Laney L. Lampard, Deputy Clerk

cc:
    Ms. Martha Rundell Crenshaw
    Mr. Michael J. O'Shee
    Mr. Steven M. Oxenhandler
    Mr. Billy R. Pesnell